```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

   BRADFORD WILSON,                :    CIVIL ACTION
                                   :    NO. 22-4157
         Plaintiff,                :
                                   :
    v.                             :
                                   :
   UPPER SOUTHAMPTON TOWNSHIP      :
   OFFICE, et al.,                 :
                                   :
         Defendants.               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                APRIL 14, 2023

**I.    INTRODUCTION**

Plaintiff Bradford Wilson, proceeding pro se, sued the Upper Southampton Township Office and Lower Moreland Township Administration Office on October 17, 2022, for violations of his First Amendment rights. See Compl., ECF No. 1. Plaintiff alleges that, in August of 2022, he and/or his roofing company, as well as a church in the area, posted signs on Huntingdon Pike, Second Street Pike, and County Line Road. Compl. Ex. 1 at 1, ECF No. 1-1. Within two days, seven out of ten of his signs advertising roofing services had been removed. Id.

Plaintiff alleges that he inquired about the removal of his signs with the Lower Moreland Administrative office, who informed Plaintiff that his sign, among the lawn signs of other home improvement companies, had been discarded. He alleges that

Upper Southampton County similarly paid a person to remove advertising signs. Plaintiff sought relief from the police department for the allegedly unlawful removal of his signs, but was not given any relief. Construing the pro se complaint broadly, Plaintiff also alleges that his rights have been violated because other signs--such as political signs supporting certain candidates during election season--are not removed, where as his lawn signs advertising roofing services were removed. Id. at 2.

Plaintiff also contends that Defendants do not have "a rule book" and that "Lower Moreland use[d] to give permits for post[ing] signs but they don[']t anymore . . . they don[']t like signs." Id. at 1.

Plaintiff seeks $150,000 in damages and appears to also seek broad injunctive relief to allow all persons to post lawn signs "all over Lower Moreland an[d] Upper Southampton so people who live in [the] area can get contractors around home." Id. at 3. Plaintiff also seeks to have the permit fee to post certain signs lowered to allow more people to post lawn signs.

Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on January 19, 2023. See Def.'s Mot., ECF No.

8. Plaintiff has not responded.[1] "Defendants UST and LMT, do not dispute that Plaintiff's signs constitute commercial speech and are expressions protected by the First and Fourteenth Amendments. The signs advertise Plaintiff's roofing business, which is a lawful activity, and the signs were not misleading." Mot. to Dismiss at 6, ECF No. 8-1. However, Defendants dispute that the removal of Plaintiff's signs was in violation of his constitutional rights, arguing that the Townships' ordinances which ban certain signs are content neutral and are reasonably related to a legitimate governmental interest. Id. at 7-8.

The Court will grant the motion to dismiss with leave to amend.

## II. LEGAL STANDARD

The party moving for dismissal under Rule 12(b)(6) bears the burden of showing that the opposing party has not stated a claim. See Kehr Packages v. Fidelcor, Inc., 926 F.3d 1406, 1409 (3d Cir. 1991). To meet this burden, a moving party must show that the complaint does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[1] While Defendants' motion could be granted as uncontested for Plaintiff's failure to respond, see Local Rule 7.1(c), given that Plaintiff proceeds pro se, the court will assess the motion and the complaint on the merits.

A plaintiff need not make out a prima facie case in the complaint in order to survive a motion to dismiss, however. Connelly v. Lane Construction Corp, 809 F.3d 780, 788-89 (3d Cir. 2016) (distinguishing between pleading requirements and evidentiary standards); Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) ("[A]n evidentiary standard is not a proper measure of whether a complaint fails to state a claim."). But, while a plaintiff need not have the correct legal theory or make out a prima facie case in the complaint, a plaintiff must allege facts to show that discovery will reveal sufficient support of each element of the claim. Cf. Comcast Corp v. NAACP, 140 S. Ct. 1009, 1014-15 (2020) ("[W]hile the materials the plaintiff can rely on to show causation may change as a lawsuit progresses from filing to judgment, the burden itself remains constant.").

At this stage, the Court must accept a plaintiff's factual allegations as true, and draw all reasonable inferences in a plaintiff's favor. Bell Atl. Corp., 550 U.S. at 555-56. But, the Court must disregard any conclusory allegations in the complaint and instead look to well-pleaded factual allegations. Iqbal, 556 U.S. at 678-79.

Where a plaintiff proceeds pro se, the Court must construe the pleadings liberally, "as to do substantial justice." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Fed. R. Civ. P. 8(f)); see also Shorter v. United States, 12 F.4th 366, 371

4

(3d Cir. 2021) (quoting Erickson, 551 U.S. at 94)); Higgs v. Att'y Gen., 655 F.3d 333, 339-40 (3d Cir. 2011). The Court thus is to "apply the relevant legal principle even when the complaint has failed to name it." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013).

**III. DISCUSSION**

    **A.**    **Plaintiff's Signs Are Protected by the First Amendment**

"The First Amendment, as applied to the States through the Fourteenth Amendment, protects commercial speech from unwarranted governmental regulation." Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York, 447 U.S. 557, 561 (1980) (citing Va. Pharm. Bd. v. Va. Citizens Consumer Council, 425 U.S. 748, 761-62 (1976)). The extent of permissible regulation on commercial speech is determined by "the nature both of the expression and of the governmental interests served by its regulation." Id. at 563. A governmental body has less power to regulate commercial speech where "the communication is neither misleading nor related to unlawful activity." Id. at 564.

To state a plausible claim for relief under the First Amendment and Fourteenth Amendments for a violation of a plaintiff's rights to engage in commercial speech, a plaintiff must first show that the expression is protected by the First Amendment--that is, "it at least must concern lawful activity and not be misleading." Cent. Hudson Gas & Elec. Corp., 447 U.S.

at 566. Defendants "do not dispute that Plaintiff's signs constitute commercial speech and are expressions protected by the First and Fourteenth Amendments," and agree that the signs advertised Plaintiff's business and were not misleading. Defs.' Mot. at 6.

### B. Plaintiff Does Not Sufficiently Allege That the Regulations Are Unconstitutional As Applied to Him

Plaintiff alleges that the signs were removed in violation of his First Amendment rights, and that commercial and political speech are improperly treated differently by Defendants. He claims that political speech is given greater latitude in signposting, as "every two year[s] in the fall like now is election time so you see signs up an[d] down Huntingdon Pike and Second Stret Pike an[d] County Line Road." Compl. Ex. at 2, ECF No. 1-1. Thus, the Court first analyzes the sufficiency of the complaint as an as-applied challenge of Defendants' ordinances. Plaintiff has not alleged sufficient facts to state a plausible claim for relief on the basis that Defendants treat political and non-political signs differently.

Plaintiff's allegations regarding the constitutionality of the Townships' actions as applied to him are deficient in two ways. First, Plaintiff fails to allege that the removal of his signs in particular was unconstitutional. Plaintiff does not state with requisite specificity whether his signs were located

6

within or outside of sight lines, as described in the Townships' ordinances. Plaintiff also does not allege that he (1) complied with the maximum-dimension sign regulations; (2) obtained any of the required permitting but his signs were still removed; or (3) that he applied for a permit but was denied one by a Township official acting with unfettered discretion. See, e.g., Forsyth County, Georgia v. Nationalist Movement, 505 U.S. 123, 133 (1992) ("The First Amendment prohibits the vesting of . . . unbridled discretion in a government official."). He similarly fails to allege that his signs were removed while other signs, both political and commercial, in comparable locations were not. Second, Plaintiff fails to allege that the political signs that were placed along certain roads during election season were within the sight lines, and were thus allowed to remain standing despite the regulations, resulting in a content-based enforcement disparity. Nor is it clear from the face of the complaint whether the political signs were generally in compliance with Defendants' regulations regarding maximum allowable dimensions, or, in Upper Southampton Township, the duration rules.

Thus, Plaintiff has not pleaded sufficient facts to state a claim that the facially valid ordinances were enforced against him in a manner that violated his First Amendment rights. The Court will grant leave to amend, as a sufficient description of

7

the location of his signs, as well as the other political and commercial signs, could indicate that his advertising signs were removed in violation of both the ordinances and his First Amendment rights.

### C. Plaintiff Does not Sufficiently Allege a Facial Challenge to the Townships' Regulations[2]

Facial challenges are generally disfavored, but are permissible in the First Amendment context, especially where a plaintiff argues that a regulation is overbroad, FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 223 (1990), or where a licensing scheme offers too much discretion to a government official, City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750, 755-57 (1988). Here, however, Plaintiff fails to plausibly allege that the ordinances are overbroad or that officials have unfettered discretion in removing signs or issuing permits. Plaintiff also fails to allege sufficient facts to state a claim that the ordinances are unlawfully content based. See, e.g., Reed v. Town of Gilbert, Arizona, 576 U.S. 155, 163 (2015) (noting that content-based restrictions on speech are presumptively unconstitutional and may only be upheld where a governmental

---

[2] While Plaintiff has not expressly stated in clear legal terms that he is pursuing a facial challenge, given his pro se status, the Court will apply the legal principles that would support such a challenge. See, e.g., Mala v. Crown Bay Marina, Inc., 704 F.3d at 244.

8

body can demonstrate that the restrictions are narrowly tailored to serve a compelling state interest).

Plaintiff alleges that "both Townships dont. have a rule book" and "they dont like signs" and "some permits with rules would be great thing to do." Compl. Ex. 1 at 1-2, ECF No. 1-1. But, both Townships have ordinances that permit signs under certain conditions. See Defs.' Mot. Ex. D, ECF No. 8-7 (Lower Moreland ordinance); Defs.' Mot. Ex. E, ECF No. 8-8 (Upper Southampton ordinance).

Specifically, the Lower Moreland Township ordinance states:

> No signs, banners or other advertising devices, including real estate directional signs, shall be placed either on a temporary or permanent basis within the public right-of-way of any state or Township road, within any sight triangle at the intersection of public or private roads, within the sight triangle of any driveway and a public or private road, or in any other location where sight visibility or traffic safety would be adversely impacted.

Lower Moreland Twp. Code § 176-29(C).

The Upper Southampton regulations are robust and define "sign" as

> Any permanent or temporary structure or part thereof, or any device attached, painted, or represented directly on a structure or other surface that shall display or include any letter, word, insignia, flag, or representation used as or in the nature of an advertisement, announcement, visual communication or direction, or which is designed to attract the eye or bring the subject to the attention of the public.

9

Upper Southampton Twp. Code § 185-63(A)(1). The substantive regulation on obstructions states that

> No sign shall be so located or arranged that it interferes with traffic through glare, through blocking of reasonable sight lines for streets, sidewalks or driveways through confusion with a traffic control device (by reason of color, location, shape or other characteristics), or through any other means. No sign shall violate the corner visibility restrictions of this chapter.

Upper Southampton Twp. Code § 185-63(A)(2)(b).

Although these regulations are relatively broad in scope and do not define a bright line for the extent of the sight lines, Plaintiff has not alleged that there was <u>no</u> location within either of the Defendant Townships where he could lawfully advertise his business. See <u>Clark v. Community for Creative Non-Violence</u>, 468 U.S. 288, 293 (1984) (holding that where an ordinance regulates the time, place, and manner of certain communication, it must still "leave open ample alternative channels for communication"). But, to the extent that Plaintiff did seek to make out a facial challenge to the ordinances, he will be given leave to amend to do so.

### D. **Plaintiff Has Not Plausibly Alleged a Freedom of the Press Violation**

The First Amendment prohibits laws "abridging the freedom of speech, or of the press." U.S. Const. amend. I. The press "includes not only newspaper, books, and magazines, but also humble leaflets and circulars." <u>Mills v. State of Alabama</u>, 384

10

U.S. 214, 219 (1966) (citing Lovell v. City of Griffin, 303 U.S. 444 (1938)). The protections for the press serve, in part, to "protect the free discussion of governmental affairs," id. at 218, and promote a "marketplace of ideas" through "relatively easy access to the channels of communication," Miami Herald Publ'g Co. v. Tornillo, 418 U.S. 241, 248 (1974).

Plaintiff has not sufficiently alleged that a freedom of the press occurred. His signs were posted in furtherance of his own personal commercial objectives. He has not argued that his roofing company's signs were anything other than advertising. Thus, his signs do not fall within the type of expression generally considered as the "press." This claim will also be dismissed.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's complaint will be dismissed. Given that he is proceeding pro se and could state a plausible claim, he will be given leave to amend. An appropriate Order follows.